**LATHAM & WATKINS LLP**
MELANIE M. BLUNSCHI
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD
kristin.whitehead@lw.com
CATHERINE A. RIZZONI
cat.rizzoni@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Facsimile: (415) 395-8095

**GIBSON, DUNN & CRUTCHER LLP**
ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

J.S., individually and on behalf of all others similarly situated,

Plaintiff,

v.

SPRING FERTILITY HOLDINGS, LLC, META PLATFORMS, INC., AND LINKEDIN CORPORATION,

Defendants.

Case No. 5:24-cv-07374-EJD

**DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF MOTION TO SEVER CLAIMS AGAINST DEFENDANT META PLATFORMS, INC.**

Action Filed: October 22, 2024

Honorable Edward J. Davila

Date: April 3, 2025
Time: 9:00 a.m.
Courtroom: 4, 5th Floor

## INTRODUCTION

As many other courts in similar cases have done, this Court should sever plaintiff's claims against Meta so they can be related to, and consolidated with, the Consolidated Healthcare Action because doing so "serve[s] the ends of justice and further[s] the prompt and efficient disposition of litigation." *Khanna v. State Bar of Cal.*, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007). Nothing in plaintiff's opposition compels a different result. To the contrary, plaintiff's claims against Meta are wholly subsumed within the Consolidated Healthcare Action. Plaintiff does not contest that she falls within the putative class in the Consolidated Healthcare Action, or that each of the claims she asserts against Meta is already asserted in the Consolidated Healthcare Action. Instead, plaintiff's bid to defeat severance (1) overstates the purported differences between her allegations and the allegations in the Consolidated Healthcare Action, and (2) understates the judicial economy gains that severance and consolidation will yield, and the unfair prejudice to Meta and risk of inconsistency that it will avoid. For the reasons below, plaintiff's arguments fail and the Court should sever the claims against Meta.

## ARGUMENT

The claims against Meta in this case are subsumed within the Consolidated Healthcare Action. Therefore, severance and consolidation, which is supported by plaintiffs' counsel in the Consolidated Healthcare Action, best serves judicial economy and avoids prejudice. Plaintiff fails to show otherwise.

### A. Plaintiff's Allegations Against Meta Are Duplicative Of The Allegations In The Consolidated Healthcare Action

Both this case and the Consolidated Healthcare Action allege that Meta received plaintiffs' health data when healthcare providers used Meta's Pixel tool to send data reflecting users' scheduling of medical appointments. *See* Dkt. 1 ¶¶ 1, 10; Dkt. 335 ¶ 6, Case No. 3:22-cv-03580-WHO. Both bring claims for violations of the ECPA, CIPA sections 631 and 632, and invasion of privacy based on those allegations. *See* Dkt. 1 ¶¶ 115–82; Dkt. 335 ¶¶ 413–86, Case No. 3:22-cv-03580-WHO. And plaintiff does not contest that she falls within the putative class in the Consolidated Healthcare Action, which includes "[a]ll Facebook users whose health information was obtained by Meta from their health care provider or covered entity through Meta Collections Tools." Dkt. 335 ¶ 353, Case No. 3:22-cv-03580-WHO. This complete overlap dispels plaintiff's attempt to compare this case to others in which

severance has been denied and to invent meaningless distinctions between this case and the Consolidated Healthcare Action. Plaintiff's counterarguments on this point fail.

*First*, plaintiff points (at 2) to the orders declining to consolidate the claims in *GoodRx* and *Hey Favor* into the Consolidated Healthcare Action. *See Doe v. GoodRx Holdings, Inc.*, Case No. 23-cv-00501-AMO, Dkt. 207 (N.D. Cal. July 31, 2024); *Doe v. Hey Favor, Inc.*, Case No. 23-cv-00059-WHO, Dkt. 117 (N.D. Cal. Jan. 17, 2024). But Judge Chen recently rejected the same argument when he severed claims against Meta in the *Newton* case (another healthcare case similar to this one, *see* Mot. 5), and this Court should as well. *See* Case No. 3:24-cv-03625-EMC, Dkt. 54 (N.D. Cal. Oct. 30, 2024). *Hey Favor* presented unique circumstances that are inapplicable in this case: The First Amended Complaint in the Consolidated Healthcare Action expressly excludes information allegedly transmitted by Hey Favor (an online telehealth company) from the proposed class. Dkt. 335 ¶ 357, Case No. 3:22-cv-03580-WHO ("Also excluded from the Class is health information that was obtained by Meta from Hey Favor, Inc."). In declining to consolidate the claims against Meta in *Hey Favor*, Judge Orrick explicitly emphasized that "the telemed cases are different." *Hey Favor*, Case No. 23-cv-00059-WHO, Dkt. 78 (June 15, 2023 Hr'g Tr.) at 6:6–17. Judge Martínez-Olguín repeated that distinction in declining to sever the claims against Meta in *GoodRx*. *See Doe v. GoodRx Holdings, Inc.*, Case No. 3:23-cv-00501-AMO, Dkt. 207 at 2 (N.D. Cal. July 31, 2024). There is no basis for such a distinction here, where Spring Fertility is not alleged to be an exclusively telemed provider and is instead a covered entity like the providers in the Consolidated Healthcare Action. *Hey Favor* and *GoodRx* are also distinguishable from the Consolidated Healthcare Action (and this case) because they involve the installation of a different technology, Meta's SDK, on healthcare *apps*. *See* Mot. 5. In contrast, plaintiff's allegations here fall squarely within the Pixel- and website-related claims in the Consolidated Healthcare Action and therefore do not represent an attempt to expand the scope of that case in the ways addressed by *Hey Favor* or *GoodRx*.

*Second*, plaintiff argues that this case is "materially different" from the Consolidated Healthcare Action because that case focuses on hospital websites and patient portals. Opp. 2–3. But the two cases need not be identical to warrant severance and consolidation, and plaintiff overstates the differences between the allegations. Plaintiff argues that the Consolidated Healthcare Action is "limited to a

specific set of hospitals" and notes that Spring Fertility is not listed in an appendix to the Consolidated Healthcare Action complaint. *Id.* at 3. That is misleading. As an initial matter, the complaint in the Consolidated Healthcare Action defines "covered entities" to include "healthcare providers, health insurers, healthcare clearinghouses, patient portal providers, pharmacies, pharmaceutical companies, and any other entity, business associate, or contractor for which health or medical information is protected by HIPAA or the CMIA." Dkt. 335 ¶ 21, Case No. 3:22-cv-03580-WHO. That definition is not limited to "hospitals." By plaintiff's own admission, Spring Fertility "provides fertility services and treatments" and must "comply with the requirements of HIPAA and/or the CMIA." Dkt. 1 ¶¶ 13, 105. Spring Fertility thus plainly falls within the "covered entities" at issue in the Consolidated Healthcare Action. Further, the appendix plaintiff refers to is not an exhaustive list of the entities at issue in the Consolidated Healthcare Action. Rather, the appendix simply lists a limited number of alleged "healthcare properties from which Meta is collecting information through the Meta Collection tools." Dkt. 335 ¶¶ 128–29, Case No. 3:22-cv-03580-WHO. Notably, a number of those entities also offer fertility services. *See* Dkt. 335-1 at 77, 107, Case No. 3:22-cv-03580-WHO (identifying, among others, Tower Health and Northwestern Medical Center).

*Third*, plaintiff argues that the putative class definition in the Consolidated Healthcare Action should be disregarded in the Court's analysis because it is overbroad and "fantastical," and a class has not been certified. Opp. 3–4. To be sure, Meta does not believe a class should be certified in the Consolidated Healthcare Action and intends to vigorously oppose any motion for class certification. But that does not mean the class definition is irrelevant here; instead, plaintiff cannot dispute that the issues presented in this case are already being litigated in the Consolidated Healthcare Action and that her claims are thus subsumed within it. As noted in Meta's motion and below, the overlapping allegations and claims in this case and the Consolidated Healthcare Action mean that keeping the cases separate would simply create duplicative litigation and discovery. *See, e.g.*, *Colors of India v. Nielsen*, 2018 WL 6430118, at *5 (C.D. Cal. Oct. 19, 2018) (granting severance to "avoid lengthy delays associated with duplicative, unnecessary discovery requests"); *Levitte v. Google, Inc.*, 2009 WL 482252, at *1 (N.D. Cal. Feb. 25, 2009) (consolidating putative class actions that "present[ed] virtually identical factual and legal issues").

*Fourth*, plaintiff argues that her "claims against all Defendants arise from the same transactions and occurrences *on the Spring Fertility website*, precluding severance." Opp. 4. But while plaintiff's actions may have taken place on the same website, the claims against Meta and the claims against LinkedIn involve completely different technologies: LinkedIn and Meta are each alleged to have received plaintiff's information via their respective, separate tools. The factual allegations surrounding each of these tools (and the information they allegedly sent) are distinct. Dkt. 1 ¶¶ 25–40 (discussing Meta's Pixel technology); *id.* ¶¶ 41–61 (discussing LinkedIn's Insight Tag). And, with respect to plaintiff's claims against Spring Fertility, other courts have repeatedly severed claims against Meta from claims against other healthcare providers so that the claims against Meta can be consolidated with the Consolidated Healthcare Action. *See, e.g.*, *Krackenberger v. Northwestern Mem'l Hosp.*, Case No. 22-cv-4203, Dkt. 38 (N.D. Ill. Sept. 23, 2022); *Smidga v. Meta Platforms, Inc.*, Case No. 22-cv-1231, Dkt. 22 (W.D. Pa. Oct. 3, 2022); *Stewart v. Advoc. Aurora Health, Inc.*, Case No. 22-cv-05964, Dkt. 17 (N.D. Ill. Nov. 28, 2022); *C.C. v. Meta Platforms, Inc.*, Case No. 22-cv-970, Dkt. 24 (M.D.N.C. Dec. 28, 2022); *Naugle v. Meta Platforms, Inc.*, Case No. 22-cv-727, Dkt. 39 (M.D.N.C. Dec. 28, 2022); *Smart v. Main Line Health*, Case No. 22-cv-05239, Dkt. 10 (E.D. Pa. Feb. 2, 2023); *Hartley v. Meta Platforms, Inc.*, Case No. 1:22-cv-5891, Dkt. 30 (N.D. Ill. Feb. 14, 2023); *Murphy v. Meta Platforms, Inc.*, Case No. 22-cv-04674, Dkt. 26 (E.D. Pa. Feb. 27, 2023); *Santoro v. Tower Health*, Case No. 22-cv-04580, Dkt. 27 (E.D. Pa. Mar. 7, 2023); *Howard v. Lab'y Corp. of Am.*, Case No. 23-cv-2773, Dkt. 52 (N.D. Cal. Aug. 23, 2023); *Williams v. Banner Health*, Case No. 23-cv-01228, Dkt. 34 (D. Ariz. Sept. 19, 2023); *Harrill v. Emanuel Med. Ctr.*, Case No. 23-cv-1672, Dkt. 23 (E.D. Cal. Oct. 12, 2023); *Rose v. Sansum Clinic*, Case No. 23-cv-08180, Dkt. 25 (C.D. Cal. Oct. 20, 2023); *Doe v. Santa Clara Cnty.*, Case No. 23-cv-04411, Dkt. 37 (N.D. Cal. Nov. 7, 2023); *Beltran v. Doctors Med. Ctr. of Modesto*, Case No. 23-cv-01670, Dkt. 25 (E.D. Cal. Oct. 12, 2024); *Newton, et al. v. Kaiser Found. Health Plan, Inc., et al.*, Case No. 3:24-cv-03625, Dkt. 58 at 19:15–20 (N.D. Cal. Nov. 8, 2024). This Court should do the same here: plaintiff's claims against Meta are distinct from her claims against LinkedIn and Spring Fertility, and they are subsumed within the Consolidated Healthcare Action. Severance and consolidation here are thus likewise warranted.

### B. Severance And Consolidation Will Promote Judicial Economy and Avoid Unfair Prejudice to Meta

Severance and consolidation of the claims against Meta here would allow the parties to take advantage of the substantial work already done in the Consolidated Healthcare Action litigating and taking discovery on overlapping claims. It would also avoid potential jury confusion stemming from presenting a jury with evidence regarding the Meta Pixel and LinkedIn's Insight Tag—two completely separate technologies that have nothing to do with one another—and will avoid producing outcomes inconsistent with those in the Consolidated Healthcare Action. *See* Mot. 10. Plaintiff resists these commonsense propositions, but her arguments fail.

***Judicial Economy.*** Plaintiff argues that severance would necessitate duplicative discovery. Opp. 7–8. But the opposite is true: Given the overlapping factual issues between this case and the Consolidated Healthcare Action, discovery related to plaintiff's claims against Meta in this case will be duplicative of the discovery in the Consolidated Healthcare Action. Both cases will require discovery into the technical intricacies of Meta's Pixel, the steps Meta takes to avoid receiving and/or ingesting sensitive health data from website owners who install the Meta Pixel, evidence about Meta's intent, evidence about Meta's disclosures, and numerous other issues. And, to the extent plaintiff needs some of that discovery to litigate her claims against Spring Fertility, that limited overlap is much more easily navigable (and manageable through third-party discovery) than the *complete* duplication that would result from litigating plaintiff's claims against Meta in two different cases. Severance is by far the more efficient route for the parties and the court.

***Prejudice.*** Severance and consolidation will also avoid prejudice to Meta, including the risk of inconsistent results that may result from litigating the same issues in multiple cases. Plaintiff argues that she would be prejudiced by severance, suggesting without any support that her claims against Meta could be "overlooked or extinguished" in the Consolidated Healthcare Action because, she says, the allegations in that case "lack[] any similarity to the primary factual allegations being pursued by Plaintiff here." Opp. 6. But for all the reasons discussed above, that is simply wrong. And plaintiff will likely *benefit* from consolidation by taking advantage of the discovery already completed in the Consolidated Healthcare Action.

Plaintiff also argues there is a risk of inconsistent rulings if the claims against Meta are severed. But, again, the opposite is true: the greater risk of inconsistent rulings comes from litigating the same claims against Meta in two separate actions, not from litigating claims against Meta in one action and claims against LinkedIn and Spring Fertility in another. Plaintiff also fails to engage with Meta's argument that each defendant's potential liability will turn on defendant-specific facts, such as intent. Mot. 9. The risk of prejudice and inconsistent rulings thus counsels in favor of severance.

## CONCLUSION

Meta respectfully requests that this Court sever the claims against Meta in this action so that the claims may be related to and consolidated with the Consolidated Healthcare Action.

Dated: February 19, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Elizabeth K. McCloskey*
Elizabeth K. McCloskey

**LATHAM & WATKINS LLP**

By: */s/ Melanie M. Blunschi*
Melanie M. Blunschi

*Attorneys for Meta Platforms, Inc.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Elizabeth K. McCloskey, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: February 19, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Elizabeth K. McCloskey*
Elizabeth K. McCloskey