TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7441
Facsimile: (619) 696-7124

SARA ANDERSON FREY (pro hac vice)
sfrey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1717 Arch Street, Suite 610
Philadelphia, PA 19103
Telephone: (215) 717-4009
Facsimile: (215) 693-6650

Attorneys for Defendant
SPRING FERTILITY HOLDINGS, LLC

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRING FERTILITY HOLDINGS, LLC,<br><br>Defendant. | Case No. 5:24-cv-07374-EJD<br><br>Assigned to: Hon. Edward J. Davila<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT SPRING FERTILITY HOLDINGS, LLC'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date: March 5, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 4<br><br>Action Filed: October 22, 2024<br><br>Trial Date: None |

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence 201, Defendant Spring Fertility Holdings, LLC ("Spring Fertility") hereby respectfully requests that the Court take judicial notice of the following materials in support of its Motion to Dismiss Amended Complaint, filed concurrently herewith:

- Spring Fertility Cookie Banner, publicly available at www.springfertility.com, last accessed on January 8, 2025, attached as **Exhibit 1** to the Declaration of Timothy K. Branson ("Branson Decl.");
- Spring Fertility's Legal & Terms, publicly available at www.springfertility.com/legal-terms, and last accessed on January 10, 2025, attached as **Exhibit 2** to the Branson Decl.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The documents listed above are properly subject to judicial notice, and the Court should consider them when ruling on Spring Fertility's Motion to Dismiss.

## I. LEGAL STANDARD

In considering a motion to dismiss, the district court can look to materials incorporated into the complaint and matters of which the court may take judicial notice. *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382, 2012 WL 6738343, at *3 (N.D. Cal. Dec. 28, 2012). Federal Rule of Evidence 201(b) governs the taking of judicial notice in the context of a motion to dismiss and authorizes judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1320 (C.D. Cal. 2023) (quoting Fed. R. Evid. 201(b)(1)–(2)). The district court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

"In general, websites and their contents may be judicially noticed." *Threshold*

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

*Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *see also Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) (" [A]s a general matter, websites and their contents may be proper subjects for judicial notice"). Courts within the Ninth Circuit, including this Court, have not hesitated to take judicial notice of privacy policies on publicly available webpages, as well as screenshots of public webpages. *See, e.g., D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190–91 (S.D. Cal. 2024) (taking judicial notice of website's privacy policy and screenshots of homepage and initial cookie disclosure); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of Google's publicly available Privacy Policy); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (taking judicial notice of Google's Terms of Service, Privacy Policy, and a Google blog post); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of webpages).

Separate and apart from the doctrine of judicial notice pursuant to Rule 201 is the doctrine of incorporation by reference. This doctrine allows the district court to consider material outside of the pleadings when assessing the sufficiency of a complaint where documents "whose authenticity is not questioned by the parties" are "specifically identified in the complaint." *Copelan v. Techtronics Indus. Co.*, 95 F. Supp. 3d 1230, 1236–37 (S.D. Cal. 2015). The full text of those documents may be considered, "even when the complaint quotes only selected portions. *Id.* Privacy policies and webpages are routinely considered by district courts, even where the complaint only references portions of same. *See, e.g., A.S. v. SelectQuote Ins. Servs.*, No. 3:23-CV-02258, 2024 WL 3881850, at *4 (S.D. Cal. Aug. 19, 2024) (incorporating by reference defendant's privacy policy where plaintiffs referenced the defendant's website throughout the complaint and incorporated numerous screenshots from the website into their complaint); *Stark v. Patreon, Inc.*, 656 F. Supp. 3d 1018, 1023 (N.D. Cal. 2023) (incorporating privacy policy by reference for the purpose of showing what the defendant's website disclosed to its users); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021) (taking judicial notice of privacy policy in privacy case because the amended complaint discussed it

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

extensively); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 791 (N.D. Cal. 2019) (granting request to consider Facebook's Data Use Policy because it was "incorporated by reference into the complaint").

## II. ARGUMENT

### A. Plaintiff Incorporated By Reference Spring Fertility's Legal & Terms and Cookie Banner into Her Amended Complaint

The crux of Plaintiff's Amended Complaint relates to Spring Fertility's Website ("Website"). Not surprisingly, Plaintiff cites and refers extensively to the Website and includes numerous screenshots of same. *See, e.g.*, Doc. 75 at ¶¶ 5, 13, 76, 79, 80, 81, 82, 83, 84, 85, 86, 88, 108, 110. Plaintiff relies on these references to support her claim that Spring Fertility invaded her privacy by transmitting the personal information she input on the Website's consultation request to Facebook and LinkedIn. *Id.* at ¶ 86. She relies on Spring Fertility's Privacy and Cookie Policies and the Cookie Banner to support her claim that Spring Fertility failed to provide adequate notice to its users that it shared information with Facebook and LinkedIn. *Id.* at ¶¶ 107.

Plaintiff's claims necessarily depend on the contents of Spring Fertility's Legal & Terms, which includes its Privacy Policy and Cookie Policy, Branson Decl., Ex. 2, as well as the Spring Fertility Cookie Banner, Branson Decl., Ex. 1. These documents are incorporated by reference because Plaintiff references, relies upon, quotes from, and includes screenshots of the website to state her claims against Spring Fertility. As such, the Court should consider same in assessing the sufficiency of Plaintiff's Amended Complaint.

### B. Spring Fertility's Publicly Available Legal & Terms and Cookie Banner Are Judicially Noticeable

As discussed above, this Court, and others within the Ninth Circuit, consistently take judicial notice of the contents of publicly available websites, including privacy policies and screenshots. Spring Fertility's Legal & Terms and Cookie Banner appear on Spring Fertility's publicly available website and are not subject to reasonable dispute. As such, this Court should

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

take judicial notice of the Legal Terms and Cookie Banner and consider same when determining Spring Fertility's Motion to Dismiss.

**III. CONCLUSION**

For the foregoing reasons, Spring Fertility Holdings, LLC respectfully requests that this Court grant its Request for Judicial Notice of Exhibits 1 and 2 attached to the Branson Declaration.

Respectfully submitted,

Dated: December 11, 2025

GORDON REES SCULLY MANSUKHANI

By: /s/ Timothy K. Branson
Timothy K. Branson
Sara Anderson Frey (pro hac vice)

Attorneys for Defendant
SPRING FERTILITY HOLDINGS, LLC