TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7441
Facsimile: (619) 696-7124

SARA ANDERSON FREY (pro hac vice)
sfrey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1717 Arch Street, Suite 610
Philadelphia, PA 19103
Telephone: (215) 717-4009
Facsimile: (215) 693-6650

Attorneys for Defendant
SPRING FERTILITY HOLDINGS, LLC

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRING FERTILITY HOLDINGS, LLC,<br><br>Defendant. | Case No. 5:24-cv-07374-EJD<br><br>**DEFENDANT SPRING FERTILITY HOLDINGS, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: October 8, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 4<br><br>Action Filed: October 22, 2024 |

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ARGUMENT IN REPLY ..... 1

A. Plaintiff Fails to Allege Sufficient Facts to Invoke the ECPA's Crime-Tort Exception ..... 1

B. Plaintiff's Conclusory Allegations Do Not Establish Interception of Contents of Communications While In Transit ..... 5

III. CONCLUSION ..... 4

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 1

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. Oct. 17, 2025) .......... 3, 4

*Doe v. Talkiatry Mgmt. Svc., LLC*,
816 F. Supp. 3d 1206 (C.D. Cal. 2026) .......... 2

*In re Guidant Corp. Implantable Defibrillators Litig.*,
MDL No. 05-1708, 2009 WL 1921902 (D. Minn. July 1, 2009) .......... 1

*Nichols v. Peacehealth Networks on Demand LLC*,
Case No. 2:25-cv-01831, 2026 WL 607763 (W.D. Wash. Mar. 4, 2026) .......... 2

*Ramirez v. Trusper, Inc*,
Case No. 5:24-cv-02012, 2026 WL 2351235 (N.D. Cal. Aug. 13, 2026) .......... 2

*Zarif v. Hwareh.com, Inc.*,
789 F. Supp. 3d 880 (S.D. Cal. 2025) .......... 2

*Zocco v. Nelnet, Inc.*,
Case No. 25-cv-04470, 2026 WL 242037 (N.D. Cal. Jan. 29, 2026) .......... 2

**Statutes**

42 U.S.C. § 1302d-6(a)(1) .......... 2

42 U.S.C. § 1302d-6(b)(3) .......... 2


Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Defendant Spring Fertility Holdings, LLC ("Spring Fertility") respectfully submits the following Reply Brief in Support of its Motion to Dismiss Plaintiff J.S.'s ("Plaintiff") Second Amended Complaint.

## I. INTRODUCTION

Plaintiff's Opposition fails to meaningfully refute Spring Fertility's arguments that the Second Amended Complaint fails to cure the deficiencies that previously led this Court to dismiss her ECPA and CIPA claims. Instead, Plaintiff's Opposition—much like her Second Amended Complaint—is peppered with legal buzzwords, not backed up with any substance. To survive a motion to dismiss, a complaint must contain sufficient *factual matter* to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009); *see also In re Guidant Corp. Implantable Defibrillators Litig.*, MDL No. 05-1708, 2009 WL 1921902 (D. Minn. July 1, 2009) ("The use of buzzwords, coupled with only vague and conclusory allegations, is insufficient to withstand a motion to dismiss, especially in light of *[Iqbal and Twombly]*.").

Because Plaintiff's Second Amended Complaint fails to set forth sufficient *facts* establishing the crime-tort exception to the ECPA and/or the interception of communications in transit, her ECPA and CIPA claims against Spring Fertility must be dismissed with prejudice.

## II. ARGUMENT IN REPLY

### A. Plaintiff Fails to Allege Facts Sufficient to Invoke the ECPA's Crime-Tort Exception

In dismissing Plaintiff's ECPA claim, the Court found that the First Amended Complaint failed to sufficiently plead that Spring Fertility's "primary unlawful purpose . . . was to violate HIPAA and invade J.S.'s privacy." Doc. No. 84 at p. 3. The Second Amended Complaint suffers from the same deficiency.

As to Plaintiff's ECPA claim, the <u>only</u> amendment in the Second Amended Complaint is the addition of a *legal conclusion* that HIPAA "makes it a crime for a health care provider to disclose IIHI for commercial gain." Doc. 87 at ¶ 149. In her Opposition, Plaintiff argues that because "commercial advantage" is an element of HIPAA, then HIPAA criminalizes disclosing IIHI because it was done for commercial advantage. Doc. 91 at p. 5. Plaintiff, however,



Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

misrepresents the actual provision she relies on. Contrary to Plaintiff's argument, commercial advantage is not an element of a HIPAA violation. Rather, a HIPAA violation occurs when a personal "knowingly . . . discloses [IIHI] to another person." 42 U.S.C. § 1320d-6(a)(1). The language Plaintiff relies on relates to the severity of the penalty for such disclosure, not to the elements of a violation. *Id.* at § 1302d-6(b)(3) (addressing penalties for HIPAA violation).

Plaintiff's Opposition fails to meaningfully explain how her 16 word amendment alters the Court's prior analysis. Simply put, it does not. To invoke the crime-tort exception, Plaintiff was required to plead *facts* sufficiently establishing the Spring Fertility's primary motive was an independent criminal act. *Zarif v. Hwareh.com, Inc.*, 789 F. Supp. 3d 880, 895 (S.D. Cal. 2025) She failed to do so.

Plaintiff's attempt to distinguish *Doe v. Talkiatry Mgmt. Svcs., LLC*, 816 F. Supp. 3d 1206 (C.D. Cal. 2026) fails. Plaintiff claims that because she has identified a specific section of HIPAA she claims was violated, this is the causal link between HIPAA and Spring Fertility's motive that *Talkiatry Mgmt.* found lacking. Doc. 91 at p. 5. Whether couched in terms of HIPAA or not, however, Plaintiff's allegation is the same: Spring Fertility engaged in an illegal interception of health to bolster its own advertising and gain a benefits. "More is needed." *Zocco v. Nelnet, Inc.*, Case No. 25-cv-04470, 2026 WL 242037, at *5 (N.D. Cal. Jan. 29, 2026) (finding plaintiff's allegation that defendant used tracking technology for financial gain insufficient to invoke crime-tort exception); *Nichols v. Peacehealth Networks on Demand LLC*, Case No. 2:25-cv-01831, 2026 WL 607763, at *4 (W.D. Wash. Mar. 4, 2026) (declining to apply crime-tort exceptions to allegations that defendant's disclosure of information for targeted advertising purposes was unlawful); *see also Ramirez v. Trusper, Inc.*, Case No. 5:24-cv-02012, 2026 WL 2351235, at *8 (N.D. Cal. Aug. 13, 2026) (rejecting financial gain as basis for invocation of crime-tort exception).

The same boilerplate, conclusory allegations that doomed the First Amended Complaint likewise doom the Second Amended Complaint. Plaintiff's allegations fall short of the requirement of "plead[ing] sufficient facts" to support a finding that Spring Fertility "intercepted the communication for the purpose of a tortious or criminal act that is *independent* of the

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

intentional act of recording or interception itself." *Talkiatry Mgmt.*, 816 F. Supp. 3d at 1209-10. Plaintiff's ECPA claim must be dismissed with prejudice.

**B. Plaintiff's Conclusory Allegations Do Not Establish Interception of Contents of Communications While In Transit**

Because CIPA is a criminal statute, it is to be "narrowly construed" and the "rule of lenity" should be applied in resolving any ambiguity. *Doe v. Eating Recovery Ctr. LLC ("Eating Recovery Ctr.")*, 806 F. Supp. 3d 1109, 1112 (N.D. Cal. 2025) ("courts should generally resolve CIPA's many ambiguities in favor of the narrower interpretation"). With that guidance, it is clear Plaintiff has failed to establish an entitlement to recovery under Section 631 because the Second Amended Complaint fails to adequately establish interception of communications while in transit.

In arguing she has now adequately pleaded her communications were intercepted "in transit," Plaintiff cites Paragraphs 44, 52, 63, and 111 of the Second Amended Complaint and Figures 13-15 contained in the Second Amended Complaint. Doc. 91 at p. 8. With the exception of Paragraph 111, *none of those allegations or figures are new*. They are the same allegations and figures that the Court found insufficient when it dismissed Plaintiff's CIPA claim as pleaded in the First Amended Complaint. *Compare* Doc. 75 with Doc. 87. They are the same "general allegations" that the Court found failed to allege communications were intercepted and read in real time. Doc. 84 at p. 9. Paragraph 111, which simply states every website has "Markup" and "Source Code" that commands a browser to take certain actions likewise "fail[s] to address the court's prior holding and explain how the [Second Amended Complaint] overcomes the deficiencies previously identified." *Id.* Allegations concerning *how* something works do not equate to sufficient factual allegations establishing a statutory violation.

This Court has adopted a narrow reading of "in transit." *Eating Recovery Ctr.*, 806 F. Supp. 3d at 1119 (noting that "using a third-party company to perform data analytics is worlds different from wiretapping and eavesdropping"). Facebook "must do something more than just intercept the communication while it is in transit to be held liable." *Id.* Plaintiff does not allege anything more and in fact, concedes that is only "**[a]fter**" information is collected that

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

"Facebook processed, analyzed, and assimilated it into datasets." Doc. 87 at ¶ 53 (emphasis added). "A filtering process that simply sorts out certain data—which may be better analogized to sorting mail than to reading it—can't fairly be characterized an effort of understanding the meaning of the communication." *Eating Recovery Ctr.*, 806 F. Supp. 3d at 1119. Such process "indisputably takes place after the communication has already traveled from the website visitor to the website operator" and thus, does not support liability under Section 631(a).

The Second Amended Complaint fails to cure the deficiency in Plaintiff's CIPA claim and, thus, dismissal with prejudice is warranted.

## III. CONCLUSION

For the foregoing reasons, Defendant Spring Fertility Holdings, LLC respectfully requests this Honorable Court dismiss Plaintiff's ECPA and CIPA claims with prejudice.

Respectfully submitted,

Dated: August 31, 2026

GORDON REES SCULLY
MANSUKHANI, LLP

By: /s/ Sara Anderson Frey
Sara Anderson Frey (pro hac vice)
Timothy K. Branson
Attorneys for Defendant
SPRING FERTILITY HOLDINGS, LLC

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101